THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HERRON, Defendant-Appellant.

(No. 12716;

Fourth District—April 3, 1975.

Richard J. Wilson and John L. Swartz, both of the State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, William Herron, appeals from the revocation of his probation for the offense of theft over $150 and from a 2- to 6-year term of imprisonment to run concurrently with the sentences imposed in two other cases now pending in this court (General Nos. 12717 and 12718). The Illinois Defender Project has moved to withdraw as counsel for defendant, and appended to the motion is a brief in conformity with *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant. The motion was continued to enable the defendant to file additional authorities, and notice of this opportunity was given to him. None were filed.

In discharge of our responsibilities we have examined the record. On March 5, 1972, defendant was indicted for the offense of theft over $150. On April 24, 1973, defendant pleaded guilty to the charge and said plea was accepted by the court. On September 19, 1973, defendant was sentenced to a 2-year term of probation with a condition of periodic imprisonment.

On January 2, 1974, a petition to revoke probation was filed. The petition alleged that defendant on December 4, 1973, committed the offense of burglary in knowingly and without authority entering a building of W. R. Bedinger at 619 Sheridan Street in Danville, Illinois, with the intent to commit a theft therein. The petition alleged that on that same date defendant also committed the offense of theft in that he knowingly and without authority exerted unauthorized control over certain property belonging to W. R. Bedinger with the intent to permanently deprive the owner of the use thereof, said property having a value of less than $150. The petition further alleged that defendant has failed to remain constantly employed or to attend school regularly in violation of his probation.

On February 8, 1974, defendant appeared for a hearing on the petition. Defendant stated that he had received a copy of and had read the probation revocation petition. Defendant then admitted committing the offenses charged in the petition. The assistant State's attorney then presented a factual basis for the charges. The trial court then advised defendant that he had a right to a hearing on the charges, that at the hearing he had a right to be represented by counsel and to have witnesses testify, and that the State must prove him guilty by a preponderance of the evidence. Defendant stated that he desired to waive these rights and continued to admit the commission of the offenses in question. Defendant stated that he understood that after the probation revocation

he could be sentenced from 1 to 10 years on the original theft offense. The court then revoked defendant's probation.

On April 16, 1974, a consolidated sentencing hearing was held with two other cases now pending in this court (General Nos. 12717, 12718). A presentence report was filed, and the probation officer testified that the other offenses had occurred while defendant was on probation. The defendant presented witnesses to testify in mitigation and also testified in his own behalf. An assistant probation officer testified for the State. The court then sentenced defendant to a 2- to 6-year term of imprisonment to run concurrently with the other above described sentences. The sentence imposed is within the statutory limits.

We agree that this record discloses no justiciable issue for review and that the appeal is without merit and frivolous. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed, and the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.